UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD COHAN,

        Plaintiff,

v.

        CASE NO. 18-cv-12080-VAR
        HONORABLE VICTORIA A. ROBERTS

CALIFORNIA PIZZA KITCHEN, INC.,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [ECF No. 10]

**I.**     **INTRODUCTION**

California Pizza Kitchen ("CPK") filed a Motion to Dismiss Plaintiff's First Amended Complaint. Argument on the motions was heard on May 8, 2019.

Howard Cohan ("Cohan"), a Florida resident, visited Michigan in March 2018 and dined at CPK in Novi. Cohan says CPK denied him full and equal access to, and enjoyment of, its services because of: (1) barriers throughout the restaurant premises, and (2) CPK's failure to make reasonable accommodations for his disability.

The Court **GRANTS** Defendant's motion to dismiss.

**II.**     **BACKGROUND**

Cohan claims he is an individual with numerous disabilities that cause him to suffer from a qualified disability under subtitle A of Title III of the Americans with Disabilities Act

1

of 1990 ("ADA"). 42 U.S.C. 12181-12189. *See also* 28 C.F.R. § 36.104. Cohan says he encountered architectural barriers in CPK's restroom and seating area on March 20.

CPK moves to dismiss Cohan's First Amended Complaint for lack of subject matter jurisdiction. CPK says Cohan's First Amended Complaint not only relies on conclusory allegations, but it also fails to allege sufficient facts demonstrating that Cohan suffered concrete, particularized, or actual injury caused by Defendant's conduct.

Defendant also states the First Amended Complaint does not allege sufficient facts demonstrating Plaintiff's intent to return to Defendant's premises to support standing.

Finally, Defendant says the case is moot because it successfully remedied the alleged barriers.

In response to Defendant's motion to dismiss, Cohan alleges:

1. He is not homebound.
2. He regularly travels.
3. His condition is getting worse, resulting in more frequent use of various mobility aids.
4. Architectural barriers at CPK *would* make it unsafe for him to use the restroom with a mobility aid.
5. He only needs to allege that he suffered an injury traceable to CPK's conduct.
6. While he does not always use a wheelchair, his condition has worsened so that it requires occasional use of mobility aids.
7. The barriers at CPK affect his disability directly due to his limitations on motion and mobility.
8. His injury is particularized because he personally and individually suffered discrimination.
9. He personally encountered barriers.
10. Not all mobility-related disabilities require the use of a wheelchair.
11. The barriers at CPK cause safety concerns and unnecessary pain because of his disability.
12. The barriers at CPK affect all individuals with disabilities.

Defendant's reply to Cohan's response emphasizes that Cohan still has not pled sufficient facts to show he suffered or is under threat of suffering an injury in fact, and that he has not offered plausible information to dispute that the case is moot.

III. STANDARD OF REVIEW

CPK argues Cohan lacks standing pursuant to Federal Rules of Civil Procedure 12(h)(3) and failed to state a claim upon which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively.

A. FRCP 12(h)(3)

Pursuant to FRCP 12(h)(3), courts must dismiss the action if it determines at any time that it lacks subject-matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) (The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. . . [S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived").

B. FRCP 12(b)(1)

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) where the court lacks subject matter jurisdiction over a plaintiff's claim. Fed.R.Civ.P. 12(b)(1). If a Rule 12(b)(1) motion challenges the court's subject matter jurisdiction based on the sufficiency of the pleadings' allegations, the motion is a facial attack. *United States v.*

*Ritchie*, 15 F.3d 592, 598 (6th Cir.1994). In reviewing a Rule 12(b)(1) facial attack, the court must accept all material allegations as true and construe them in a light most favorable to the non-moving party. Id. Court should review 12(b)(1) challenges before others. Gould, Inc. V. Pechiney Ugine Kuhlmann, 853 F.2d 445, 450 (6th Cir.1988).

### C. FRCP 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. The federal rules require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible where the facts allow the Court to infer that the defendant is liable for the misconduct alleged. *Id.* This requires more than "bare assertions of legal conclusions"; a plaintiff must provide the "grounds" of his or her "entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *Twombly*, 550 U.S. at 555 (while detailed factual allegations are not required, a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action"). Ultimately, the question is "'not whether [the plaintiff] will ultimately prevail' . . . but whether [the] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (citations omitted).

In deciding a motion under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pled factual allegations, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.*

### IV. Analysis

#### A. Cohan Lacks Standing to Bring A Disability Discrimination Claim Against CPK Related to Alleged Architectural Barriers

In his First Amended Complaint, Cohan generally refers to himself as a person with a disability. He describes spine, knee, thumb, and shoulder issues. Cohan says that because of his disability, the architectural barriers in the bathroom and seating area at CPK deny him access to and full enjoyment of the restaurant. He also says the barriers would potentially render the bathroom unsafe for use with a mobility aid, such as a wheelchair. Although he did not use a wheelchair at the time of his visit to CPK, Cohan says his worsening condition requires occasional use of mobility aids.

CPK argues that these allegations are insufficient to establish standing because Cohan did not suffer particularized injury and has not alleged a sufficient threat of future harm.

### 1. Cohan Has Not Suffered An Injury In Fact

Cohan says CPK violated his legally protected interest to be free from discrimination. However, Cohan was neither impacted by an alleged barrier nor denied full access to CPK.

Under Article III of the Constitution, federal courts are limited to deciding "Cases" or "Controversies." U.S. Const. art. III, § 2. One essential element of a legal case or controversy is that the plaintiff has standing to sue. Standing "requires allegations—and, eventually, proof—that the plaintiff 'personal[ly]' suffered a concrete and particularized injury in connection with the conduct about which he complains." *Id.* (citation omitted); *see also Barry v. Lyon*, 834 F.3d 706, 715 (6th Cir. 2016) ("Plaintiffs have standing if they suffer a 'concrete,' 'particularized,' and 'actual' or 'imminent' injury that is caused by a defendant's conduct and is likely to be 'redressed by a favorable decision.'" (citation omitted)).

To establish standing, a plaintiff must demonstrate: (1) he has suffered an "injury in fact," that is, "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) a causal connection between the injury and the challenged conduct, that is, "the injury has to be fairly ... traceable to the challenged action of the defendant, and not ... the result [of] the independent action of some third party not before the court"; and (3) the injury's redressability by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); *see also Doe v. Porter*, 370 F.3d 558, 562 (6th Cir. 2004). *See also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,

528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000). The two components of the first element are at issue here.

Cohan concedes he does not use a wheelchair and was not using one when he visited CPK. His complaint challenges only wheelchair specific ADA regulations and so he fails to show how the barriers at CPK affect his disability, particularly by causing safety concerns and unnecessary pain.

Since the barriers identified in the complaint would only impact access to a disabled person in a wheelchair, and not Cohan, he fails to show an "injury in fact," that is actual or imminent, and not conjectural or hypothetical.

### 2. Cohan Has Not Established A Causal Connection Between The Challenged Conduct and Alleged Injury

Cohan does not assert how alleged ADA violations deprived him of full and equal access to CPK.

Plaintiff must state facts linking the alleged ADA violations at CPK to the nature of his disability. *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 944 (9th Cir. 2011). "[A]n encountered barrier must interfere with the particular plaintiff's full and equal enjoyment of the facility, making his use of the facility more difficult than a nondisabled individual's, to constitute an injury-in-fact, and ... he is required to allege and prove that injury." *Id.* at 947 n.4. Consequently, an encounter with a barrier that is related to the particular plaintiff's disability necessarily injures the plaintiff by depriving him of full and equal enjoyment of the facility. *Id.* at 947 n.4; *see, e.g., Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, at 1044 n.7 (9th Cir. 2008) (stating that a wheelchair-bound plaintiff cannot

challenge all accessibility barriers, but only those affecting mobility); *accord Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000) (finding that a disabled plaintiff who was not blind "is not 'among the injured' with regard to ADA violations in the building that do not affect the blind," and that he therefore did not have standing as to those violations).

Cohan fails to link the architectural barriers to his disability. He does not allege sufficient facts to show how these barriers impacted his mobility or denied him full access to the facility, how he suffered an injury traceable to CPK's conduct, or how he personally and individually suffered discrimination. Consequently — because he fails to sufficiently assert that he uses a wheelchair or that he used one on the day in question — Cohan does not have standing.

Because he does not claim that he uses a wheelchair, the barriers Cohan alleges exist in his complaint are not causally connected to any alleged injury Cohan says he suffered. *See Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000).

### 3. Cohan Is Not Entitled to Injunctive Relief Under the ADA Because He Will Not Suffer Any Future Harm

Cohan alleges that he would visit CPK if it was modified to accommodate individuals with disabilities; however, Cohan's professed intent to return, without more, does not create a requisite threat of future injury.

Injunctions regulate future conduct, so a plaintiff has standing to seek injunctive relief only if he alleges a real and immediate — as opposed to a merely conjectural or hypothetical — threat of future injury. *Wooden v. Board of Regents of University System of Georgia,* 247 F.3d 1262, 1284 (11th Cir.2001). Standing is evaluated based on the

facts alleged in the complaint. In ADA cases, a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant. *See Proctor v. Prince George's Hosp. Ctr.,* 32 F.Supp.2d 830 (D.Md.1998); *Hoepfl v. Barlow,* 906 F.Supp. 317 (E.D.Va.1995); *Aikins v. St. Helena Hosp.,* 843 F.Supp. 1329 (N.D.Cal.1994).

Cohan does not allege a real and immediate threat of future discrimination. The First Amended Complaint states only prior incidents of discrimination. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974). More importantly, since Cohan's only visit to the CPK, he has not attempted to return. Absent such an allegation, the likelihood of future discrimination remains "conjectural, hypothetical, or contingent," and not "real and immediate." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983); *Fieger v. Michigan Supreme Court*, 553 F.3d 955, 966 (6th Cir. 2009).

Again, Cohan fails to allege an injury in fact.

### 4. Cohan's Claimed Injury is Not Redressable

Although the Court need not reach the issue, for purposes of a potential appeal, the Court also addresses CPK's mootness challenge. CPK argues Cohan's claims are moot—and therefore not redressable— because CPK fixed the alleged barriers at the restaurant premises. [ECF No. 10-9, PageID.199].

CPK submits evidence showing that Cohan challenges wheelchair specific ADA regulations: in fact, Cohan admitted that he does not use a wheelchair. [Ex.G; Transcript 15:9-14, *Cohan v. Caribbean Dunes Owners Association, Inc.*, Case No. 3:14-cv-00538-MCR-EMT, (N.D. Fla.)]. Cohan's First Amended Complaint relies solely on conclusory allegations and fails to show how the alleged barriers impacted his disability, as he only identifies those barriers that would affect a wheelchair user. [ECF 3-2, PageID.40-2]. CPK submitted other evidence, such as photographs of the work completed and a declaration of Thurwanger from December 10, 2018, showing that it remedied the barriers alleged in Cohan's Amended Complaint. [ECF No. 10-9, PageID.199]; [ECF No. 10-9, PageID.205-23].

Because of the remedial measures taken by CPK — which Cohan fails to challenge — Cohan cannot demonstrate the third element necessary to establish standing - a favorable decision from the Court will redress her injury by providing "substantial and meaningful relief." *Larson v. Valente*, 456 U.S. 228, 243 (1982). Under the redressibility element, courts analyze whether it is "'likely,' as opposed to 'merely speculatively' that a favorable decision will redress plaintiff['s] injury." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 205 (2000). A "plaintiff must show 'that [s]he personally would benefit in a tangible way from the court's intervention.'" *ACLU v. Nat'l Sec. Agency*, 493 F.3d 644, 670 (6th Cir. 2007).

The court is satisfied that, as of December 10, 2018—63 days after Cohan filed his First Amended Complaint—CPK remedied the alleged barriers in compliance with the ADA. Cohan presents no competent evidence to the contrary. To the extent that CPK arguably was out of compliance with the ADA for a handful of days after the date of the

Complaint, CPK voluntary ceased the alleged injury-causing conduct, thereby making Cohan's claim non-redressable as it relates to alleged barriers at the restaurant premises. *See Welchly v. First Bank*, 2014 U.S. Dist. LEXIS 80056, 2014 WL 2615808, at *7 (M.D. Tenn. June 12, 2014); *Scott v. Cash to Go*, 2013 U.S. Dist. LEXIS 59980, 2013 WL 1786640, at *3 (M.D. Fla. Apr. 26, 2013); *Norkunas v. Tar Heel Capital Wendy's LLC*, 2011 U.S. Dist. LEXIS 78704, 2011 WL 2940722 (W.D.N.C. July 19, 2011).

The issue of CPK's compliance — as it relates to the alleged barriers — is therefore not redressable.

### 5. Cohan Cannot Establish Standing Solely By Being A Tester

At oral argument, Cohan asserted he had standing by virtue of his status as a "tester." But, Cohan cannot use his status as a tester to satisfy the standing requirements where he would not have standing otherwise.

"Testers are . . . individuals with disabilities who visit places of public accommodation to determine their compliance with Title III." *Harty v. Burlington Coat Factory of Penn., L.L.C.*, Civ. Action No. 11-01923, 2011 U.S. Dist. LEXIS 64228, 2011 WL 2415169, at *5 n.5 (E.D. Pa. June 16, 2011). While his arguable status as a "tester" does not necessarily preclude standing, this status, alone, does not confer standing. *See Houston*, 733 F.3d at 1334 (noting that a tester must nevertheless "show a real and immediate threat of future injury"); *Payne v. Chapel Hill N. Props., LLC*, 947 F. Supp. 2d 567, 576 (M.D.N.C. 2013) (finding that "the better approach is that a plaintiff cannot use her status as a tester to satisfy the standing requirements where she would not have standing otherwise"); *Norkunas v. Park Road Shopping Ctr., Inc.*, 777 F. Supp. 2d 998,

1005 (W.D.N.C. 2011); see also *Mitchell v. Buckeye State Credit Union*, No. 5:18-CV-875, 2019 U.S. Dist. LEXIS 34979 (N.D. Ohio Mar. 5, 2019) (citing *Kramer v. Midamco*, 656 F. Supp. 2d 740, 747 (N.D. Ohio 2009) ("[A] plaintiff's claim that [he] visited the facility as a 'tester' and intends to visit the Facility to verify its compliance or non-compliance with the ADA, does little to support [his] allegation that [he] is truly threatened by an immediate future injury").

Cohan has not advanced any allegations relative to his status as a "tester" in written submissions. However, even if he had, "the naked assertion of a desire to return to a defendant establishment for the sole purpose of confirming ADA-compliance, without more, is insufficient to establish standing." *Norkunas*, 777 F. Supp. 2d at 1005; see, e.g., *Mosley v. Kohl's Dep't Stores, Inc.*, No. 18-11642, 2019 U.S. Dist. LEXIS 611, 2019 WL 95448, *3 (E.D. Mich. Jan. 3, 2019) (finding ADA tester did not establish standing where she failed to demonstrate "a non-speculative, imminent threat of repeated injury to establish an 'injury in fact'").

Taking all of Cohan's allegations as true, Cohan does not plead facts sufficient to support standing for relief.

### B. The Court Does Not Have Subject Matter Jurisdiction

The Court lacks subject matter jurisdiction because the alleged ADA violations have been fully remedied by CPK. Motions to dismiss based on a lack of subject matter jurisdiction fall into two categories: facial attacks or factual attacks. CPK's 12(b)(1) challenge to standing encompasses "facial" attacks on the court's subject matter jurisdiction, placing the burden on Cohan to show jurisdiction. *Golden v. Gorno Bros.,*

*Inc.*, 410 F.3d 879, 881 (6th Cir. 2005); *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

A facial attack challenges the sufficiency of the pleading itself, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). On the other hand, a "factual attack challenges the factual existence of subject matter jurisdiction." *Id.* The court has broad discretion and may look at extrinsic evidence to determine whether subject-matter jurisdiction exists. *Adkisson v. Jacobs Eng'g Grp., Inc.*, 790 F.3d 641, 647 (6th Cir. 2015); *Tackett v. M & G Polymers, USA, L.L.C.*, 561 F.3d 478, 487 (6th Cir. 2009). Standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Lujan,* 504 U.S. at 561, 112 S.Ct. 2130.

Cohan says that CPK denied him full and equal access to, and enjoyment of, the services at CPK. The *Twombly–Iqbal* facial plausibility requirement for pleading a claim is incorporated into the standard for pleading subject matter jurisdiction. *Id.* Applying *Iqbal's* two-pronged approach, while disregarding all conclusory statements of wrongdoing, Cohan's First Amended Complaint contains well-pleaded factual allegations; however, even if taken as true, these well-pleaded factual allegations do not plausibly support subject matter jurisdiction. Cohan fails to allege facts supporting a reasonable inference that he faced a real and immediate threat of prospective injury. As a result, Cohan fails the second prong of *Iqbal* because his well-pleaded factual allegations do not support injury in fact sufficient for standing under Article III of the Constitution.

## C.  CONCLUSION

For the reasons set forth here, CPK's Motion to Dismiss is **GRANTED**. Cohan's claims are dismissed **WITH PREJUDICE**.

**IT IS ORDERED**.

s/ Victoria A. Roberts　　　　　
Victoria A. Roberts
United States District Judge

Dated:  9/4/19